UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LEE ADAMS,<br><br>    Petitioner,<br><br> v.<br><br>ROBERT JACKSON,<br><br>    Respondent. | Case No. 2:22-cv-831-RAJ-TLF<br><br>ORDER TO SHOW CAUSE |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on petitioner's filing of an application to proceed *in forma pauperis*. Dkt. 1, 4, 7. Petitioner is proceeding *pro se,* and the petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 cases, the Court must promptly examine a habeas corpus petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. It appears that the petition – on its face – is subject to dismissal. The Court will provide petitioner the opportunity, by September 9, 2022, to show cause why the Court should not deny petitioner's motion to proceed *in forma pauperis*.

FACTUAL BACKGROUND

The petition contends that petitioner is a convicted prisoner challenging the duration of his incarceration. Dkt. 1-1. Petitioner contends he pled guilty in the

ORDER TO SHOW CAUSE - 1

underlying criminal trial pursuant to a plea agreement. Dkt. 1-1 at 1-2. Petitioner indicates that he did not appeal this action to the Washington Supreme Court and has not filed a petition for certiorari in the United States Supreme Court. Dkt. 1-1 at 2-3. Instead, petitioner states that he sent a letter to a Judge Pro Tempore for the King County Superior Court alleging that he was being held beyond the completion of his sentence. Dkt. 1-1 at 3-7.

## DISCUSSION

A prisoner may only use habeas corpus "when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). Additionally, when a prisoner seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

A. <u>IFP Status</u>

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). Yet IFP status is a privilege not a right, and the district court has discretion to deny such status. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The privilege of proceeding with a cause of action IFP should be permitted "only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

1 Cir. 1986). The Court has broad discretion in denying an application to proceed *in forma*
2 *pauperis*. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

3       By requesting the court to proceed *in forma pauperis*, petitioner is asking the
4 government to incur the filing fee because he allegedly is unable to afford the costs
5 necessary to proceed with his cause of action. Petitioner's IFP application indicates that
6 he works at the facility in which he is housed and makes $40 per month. Dkt. 7.
7 Petitioner's prison trust account statement shows a current balance of $513.46 and an
8 average spendable balance of $162.62. Dkt. 6, 7. Given that the filing fee for a *habeas*
9 *corpus* petition is $5.00, petitioner has sufficient funds in his prison trust account to pay
10 that fee.

11       B. <u>Failure to Exhaust State Court Remedies</u>

12       A state prisoner is required to exhaust all state court remedies, by fairly presenting
13 claims of violation of federal rights before the state courts, before seeking a writ of federal
14 habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity,
15 intended to afford the state courts the "initial opportunity to pass upon and correct alleged
16 violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)
17 (emphasis added). This is appropriate, because "state courts, like federal courts, are
18 obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To
19 properly exhaust federal claims, a would-be federal habeas corpus petitioner must finish
20 "one complete round of the State's established appellate review process," up to the
21 highest state court with powers of discretionary review. *Id.*, at 845.

22       A federal court must dismiss a federal habeas corpus petition if its claims are
23 unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*

ORDER TO SHOW CAUSE - 3

*sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

The petition in this action indicates that petitioner has not appealed the conviction and sentence that he is attempting to challenge. Petitioner states that instead he has sent a letter to the presiding judge and prosecuting office raising concerns regarding his sentence. Petitioner must raise to the Washington Court of Appeals and Washington Supreme Court the same federal constitutional grounds for relief that he seeks to raise in his federal habeas corpus petition in order for the petition to be eligible for review in federal court.

## CONCLUSION

Based on the foregoing, it appears that petitioner has failed to exhaust state remedies, and that he is able to afford the $5.00 filing fee. Petitioner is directed to show cause in writing why petitioner's motion to proceed *in forma pauperis* should not be denied, and why his petition should not be dismissed for failure to exhaust state remedies.

Or, with respect to exhaustion of state remedies, petitioner may (assuming he pays the filing fee, or shows cause why he should not be required to pay it) file an amended habeas corpus petition correcting – if possible – the deficiency in exhaustion of state remedies.

Petitioner must file an amended petition or show cause by **September 9, 2022**.

Dated this 17th day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5